IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH S. TAYLOR, et al. | ) | CASE NO. 5:10CV2766 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | MEMORANDUM OF OPINION |
| COMPANY, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiffs *pro se* Kenneth S. Taylor and Alycia Taylor Driggins filed this 102 page Complaint alleging federal claims under the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act ("FDPA"), 15 U.S.C. § 1692, along with many state claims, against twenty-one named defendants as well as two John Does. They assert that Defendant Deutsche Bank National Trust Company wrongfully foreclosed on their property with the aid of the other Defendants. Plaintiffs seek an order requiring Defendants to reinstate title to their property and an injunction preventing them from offering or advertising their property for sale, as well as monetary damages.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

The Summit County Common Pleas Court Docket show that foreclosure on this property occurred on February 1, 2010. *Deutsche Bank National Trust v. Taylor*, Case No. CV-11-8364. This Court cannot void the judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak* Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf*

*v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiffs' particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiffs essentially question the state court's decision granting a foreclosure. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against them. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Moreover, Plaintiffs simply seek to litigate matters which were raised or which should have been raised in the state court foreclosure proceeding. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgment is therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. City of Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the

3

first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The state court has already granted judgment in favor of Deutshe Bank National Trust Company. This Court is bound to give full faith and credit to the decisions of that court. As Plaintiffs could have and should have raised the pending claims during the state court foreclosure action, they are barred from asserting them herein.

        Accordingly, this action is dismissed.

        IT IS SO ORDERED**.**


Date:  December 29, 2010         */s/ John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE